IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 5, 2022

## LAMARIO HILL v. KEVIN GENOVESE, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 21-CR-10792    R. Lee Moore Jr., Judge**

─────────────────────────────────

#### No. W2021-01150-CCA-R3-HC
─────────────────────────────────

The pro se Petitioner, Lamario Hill, appeals the Lake County Circuit Court's summary dismissal of his petition for writ of habeas corpus from his convictions for first degree felony murder, attempted especially aggravated robbery, and aggravated assault, for which he received a sentence of life imprisonment and concurrent sentences of nine and four years, respectively. On appeal, the Petitioner argues that the judgment for his life sentence is void (1) because it was imposed pursuant to Tennessee Code Annotated section 40-35-501(i), which he claims is invalid, and because it was imposed in contravention of Tennessee Code Annotated sections 40-35-501(a)(2) and 40-28-115(b)(1); and (2) because it was imposed in violation of the Eighth Amendment pursuant to Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 577 U.S. 190 (2016). We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and TIMOTHY L. EASTER, JJ., joined.

Lamario Hill, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Danny Goodman Jr., District Attorney General; and James Wax and Michelle Parks, Assistant District Attorneys General, for the Appellee, State of Tennessee.

### OPINION

In 2007, the Petitioner was convicted of first degree felony murder, attempted especially aggravated robbery, and aggravated assault for his August 23, 2005 shooting of a Memphis convenience store clerk in the perpetration of an attempted robbery. State v.

Lamario Hill, No. W2007-01741-CCA-R3-CD, 2009 WL 1564806, at *1 (Tenn. Crim. App. June 4, 2009), perm. app. denied (Tenn. Oct. 19, 2009).  The trial court imposed concurrent sentences of life imprisonment for his first degree felony murder conviction, nine years for his attempted especially aggravated robbery conviction, and four years for his aggravated assault conviction.  Id.  On direct appeal, the petitioner argued that the evidence was insufficient to support his convictions, and this court affirmed the judgments of the trial court.  Id. at *8-10.

Thereafter, the Petitioner filed a petition for post-conviction relief, claiming that he received ineffective assistance of trial counsel, which the post-conviction court denied.  Lamario Hill v. State, No. W2013-02557-CCA-R3-PC, 2015 WL 513908, at *1 (Tenn. Crim. App. Feb. 5, 2015), perm. app. denied (Tenn. July 21, 2015).  The Petitioner appealed, and this court affirmed the judgment of the post-conviction court.  Id. at *7-10.

On September 7, 2021, the Petitioner filed a petition for writ of habeas corpus, alleging that the judgment for his life sentence is void (1) because it was imposed pursuant to Tennessee Code Annotated section 40-35-501(i)(1), which he claimed was invalid, and because it was imposed in contravention of Tennessee Code Annotated sections 40-35-501(a)(2) and 40-28-115(b)(1); and (2) because it was imposed in violation of the Eighth Amendment pursuant to Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 577 U.S 190 (2016)

On September 13, 2021, the habeas corpus court entered an order summarily dismissing the petition for writ of habeas corpus.  In this order, the habeas corpus court made the following conclusions:

> Habeas corpus relief is available only where the sentence is void or the sentence has expired.  In this case, the sentence has not expired nor is it void.  Even if the allegations made by the petitioner are true, the sentence would only be voidable and not void. . . .  The petitioner does not state a cognizable claim for habeas corpus relief.  The petition[] is, therefore, denied.

Thereafter, the Petitioner timely filed an appeal.

Here, the Petitioner argues that the habeas corpus court erred by summarily dismissing his petition after concluding that his judgment was voidable, not void, and that he failed to state a cognizable claim for habeas relief.  In response, the State contends that the habeas corpus court's summary dismissal was proper because the Petitioner's judgment is not void and because the Petitioner has failed to present a cognizable claim for habeas corpus relief.  We agree with the State.

- 2 -

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which habeas corpus relief will be granted, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)).

A habeas corpus petition challenges void and not merely voidable judgments. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). It is the petitioner's burden to demonstrate by a preponderance of the evidence that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). The habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if it is clear from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief. Summers, 212 S.W.3d at 261; Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

"The determination of whether habeas corpus relief should be granted is a question of law." Summers, 212 S.W.3d at 255 (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower court. Id. (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

First, the Petitioner asserts that his life sentence is "arguably the functional equivalent of a mandatory sentence of life without parole" and is "therefore illegal, being imposed in direct contravention of Tenn. Code Ann. § 40-35-501 and § 40-28-115." In

particular, he claims his life sentence violates Code sections 40-35-501(a)(2)[1] and 40-28-115(b)(1)[2] because these statutes provide for parole eligibility. In addition, he asserts that there is an "obvious inequality" between the previous release eligibility after service of twenty-five years provided for life sentences in Code section 40-35-501(h)(1)[3] and the current "no release eligibility date" for life sentences in Code section 40-35-501(i)(1),[4] and he maintains that "[t]his inequality" is at odds with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989, which promote consistency in sentencing. See Tenn. Code Ann. §§ 40-35-102(2), -103(3). The Petitioner insists that although Code sections 40-35-501(a)(2) and 40-28-115(b)(1) allow for parole eligible from a life sentence, defendants, like him, who are sentenced to life imprisonment on or after July 1, 1995, are not eligible for parole consideration and are only eligible to be released as a free person with no parole after service of fifty-one years, assuming they earn nine years of sentencing credits. See Brown v. Jordan, 563 S.W.3d 196, 200-01 (Tenn. 2018). The Petitioner contends that because his life sentence was imposed in direct contravention of Code sections 40-35-501(a)(2) and 40-28-115(b)(1), his judgment is void and his sentence of life imprisonment is illegal.

---

[1] Code section 40-35-501(a)(2) provides, "Except for inmates who receive sentences of imprisonment for life without possibility of parole, only inmates with felony sentences of more than two (2) years or consecutive felony sentences equaling a term greater than two (2) years shall be eligible for parole consideration."

[2] Code section 40-28-115(b)(1) states, "Every person sentenced to a determinate sentence and confined in a state prison, after having served a period of time equal to one half (1/2) of the sentence imposed by the court for the crime for which the person was convicted, but in no event less than one (1) year, shall likewise be subject to parole in the same manner provided for those sentenced to an indeterminate sentence."

[3] Code section 40-35-501(h)(1) provides, "Release eligibility for a defendant committing the offense of first degree murder on or after November 1, 1989, but prior to July 1, 1995, who receives a sentence of imprisonment for life occurs after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence, notwithstanding the governor's power to reduce prison overcrowding pursuant to title 41, chapter 1, part 5, any sentence reduction credits authorized by § 41-21-236, or any other provision of law relating to sentence credits."

[4] Code section 40-35-501(i)(1), under which the Petitioner was sentenced, states, "There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2) [including murder in the first degree]. The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." Tenn. Code Ann. § 40-35-501(i)(1) (effective to June 30, 2007).

- 4 -

Initially, we recognize that there are three punishments authorized for Petitioner's crime of first degree felony murder: (1) death, (2) imprisonment for life without the possibility of parole, or (3) imprisonment for life. See Tenn. Code Ann. § 39-13-202(c) (effective to June 30, 2007). Therefore, it is without question that the trial court had the authority to sentence the Petitioner to life imprisonment for his conviction. See id.

We disagree with the Petitioner's claim that his life sentence is "arguably the functional equivalent of a mandatory sentence of life without parole[.]" While a sentence of life imprisonment "does not entitle the [petitioner] to parole," it does "permit release from confinement after serving fifty-one years. State v. Robert Guerrero, No. M2014-01669-CCA-R3-CD, 2015 WL 2208546, at *3 (Tenn. Crim. App. May 11, 2015) (citing Tenn. Code Ann. § 40-35-501(i)(1)). However, a petitioner sentenced to life imprisonment without the possibility of parole for first degree murder shall have "no release eligibility." See Tenn. Code Ann. § 40-35-501(h)(2) (effective to June 30, 2007).

We also disagree with the Petitioner's claim that his life sentence directly contravenes Code sections 40-35-501(a)(2) and 40-28-115(b)(1) or somehow fails to abide by the purposes and principles of the sentencing act because of an alleged "inequality" in the sentences between Code section 40-35-501(h)(1) and Code section 40-35-501(i)(1). "[F]irst-degree murders committed either before or after July 1, 1995, carry the same determinate sentence length of sixty years." Brown, 563 S.W.3d at 200; see Tenn. Code Ann. § 40-35-501(h)(i). For an offense of first degree murder committed on or after July 1, 1995, Tennessee Code Annotated section 40-35-501(i)(1) expressly controls the release eligibility of a defendant convicted of such an offense and sentenced to life imprisonment. Significantly, subsection (i)(1) states:

> There shall be no release eligibility for a person committing [first degree murder] on or after July 1, 1995 . . . . The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

Tenn. Code Ann. § 40-35-501(i)(1) (effective to June 30, 2007). As the Tennessee Supreme Court recognized, "When the General Assembly added subsection (i) in 1995, the minimum sentence a defendant must serve prior to becoming eligible for release was increased from sixty percent to one-hundred percent[.]" Brown, 563 S.W.3d at 200. The court explained that "the release eligibility provisions of subsection (h) do not conflict with the release eligibility provisions of subsection (i)(1) but instead provide for a different release eligibility for first-degree murders (among other offenses) occurring on or after July 1, 1995." Id. at 201.

The plain language of Code section 40-35-501(i)(1) states that a person who commits first degree murder on or after July 1, 1995, must serve one hundred percent of the sentence less sentence credits earned and retained, but the sentence credits cannot operate to reduce the sentence imposed by more than fifteen percent. See id. at 200. This language is clear and unambiguous. See Carter v. Bell, 279 S.W.3d 560, 564 (Tenn. 2009) ("When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language . . . ."). Moreover, because Code section 40-35-501(i)(1) specifically addresses the release eligibility of defendants who commit first degree murder on or after July 1, 1995, this statute takes precedence over the more general provisions of Code sections of 40-35-501(a)(2) and 40-28-115(b)(1). See State v. Frazier, 558 S.W.3d 145, 153 (Tenn. 2018) ("'Where a conflict is presented between two statutes, a more specific statutory provision takes precedence over a more general provision.'" (quoting Lovlace v. Copley, 418 S.W.3d 1, 20 (Tenn. 2013))). Because the Petitioner's life sentence was clearly authorized by Code section 40-35-501(i)(1) (effective to June 30, 2007), he has failed to establish that the judgment for his life sentence is void.

Second, citing Miller and Montgomery, the Petitioner contends that his sentence of life imprisonment, which he received for the felony murder offense he committed as a juvenile, violates the Eighth Amendment to the United States Constitution. See Miller, 567 U.S. at 479 (holding that a mandatory sentence of life without the possibility of parole for juvenile offenders violates the Eighth Amendment); Montgomery, 577 U.S. at 212 (holding that Miller announced a substantive rule of constitutional law that must be applied retroactively). The Petitioner urges this court to view his "fifty-one-year sentence" as a "de facto life without parole sentence" and claims that the constitutional rule of law established in Miller should be retroactively applied to him through Montgomery in order to grant him habeas corpus relief.

It is well established that constitutional claims should be made in a post-conviction proceeding, not a habeas corpus proceeding. See Hickman, 153 S.W.3d at 20 (explaining that a petition for a writ of habeas corpus attacks void judgments, including sentences imposed in contravention of statute, while post-conviction petition attacks judgments that are void or voidable "because of the abridgement of constitutional rights"); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (recognizing that constitutional challenges to convictions should be made in a post-conviction proceeding, rather than a habeas corpus proceeding); see also Fredrick B. Zonge v. State, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App., at Knoxville, Dec. 16, 1999) (recognizing that "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"). We note that because the Petitioner received a sentence of life imprisonment, rather than a sentence of life without the possibility of parole, Miller and Montgomery do not apply. See State v. Marcus Malone, No. W2020-00364-CCA-R3-CD,

2022 WL 558282, at *34 (Tenn. Crim. App. Feb. 24, 2022) ("This court has repeatedly declined to apply <u>Miller</u> outside the context of mandatory life without parole sentences."). We also recognize that the Petitioner previously sought post-conviction relief based on an ineffective assistance of counsel claim, and the post-conviction court's denial of relief was affirmed on appeal. <u>See</u> Tenn. Code Ann. § 40-30-102(c) (2012) (The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event, may more than one (1) petition for post-conviction relief be filed attacking a single judgment."). In any case, the Petitioner has simply failed to present a cognizable claim for habeas corpus relief. Accordingly, we conclude that the habeas corpus court's summary dismissal of this petition for habeas corpus relief was proper, and the Petitioner is not entitled to relief.

Based on the aforementioned authorities, analysis, and record as a whole, we affirm the judgment of the habeas corpus court.

_____
CAMILLE R. MCMULLEN, JUDGE